MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

EFRAIN TARAX TARAX, GETULIO
LOPEZ MURILLO, MANUEL JESUS
SONTAY HERRERA, and SANTOS TARAX,
*individually and on behalf of others similarly
situated,*

                                  *Plaintiffs*,

                -against-

BLOSSOM WEST INC. (D/B/A BLOSSOM
ON COLUMBUS), RONEN SERI, RAMIRO
RAMIREZ, JESUS DOE, and CHINO DOE,

                                  *Defendants.*

-------------------------------------------------------X

                                  **COMPLAINT**

                     **COLLECTIVE ACTION UNDER**
                          **29 U.S.C. § 216(b)**

                                  **ECF Case**

Plaintiffs Efrain Tarax Tarax, Getulio Lopez Murillo, Manuel Jesus Sontay Herrera, and

Santos Tarax, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by

and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief,

and as against Blossom West Inc. (d/b/a Blossom on Columbus), ("Defendant Corporation"),

Ronen Seri, Ramiro Ramirez, Jesus Doe, and Chino Doe, ("Individual Defendants"), (collectively,

"Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.       Plaintiffs are both current and former employees of Defendants Blossom West Inc.

(d/b/a Blossom on Columbus), Ronen Seri, Ramiro Ramirez, Jesus Doe, and Chino Doe.

2.     Defendants own, operate, or control a vegan restaurant, located at 507 Columbus Avenue, New York, New York 10024 under the name "Blossom on Columbus".

3.     Upon information and belief, individual Defendants Ronen Seri, Ramiro Ramirez, Jesus Doe, and Chino Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs have been employed as porters, dishwashers, and ostensibly as delivery workers at the restaurant located at 507 Columbus Avenue, New York, New York 10024.

5.     Plaintiffs Lopez and Sontay have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to cutting potatoes and vegetables, washing dishes, preparing food, cleaning the bathrooms, taking out the garbage, twisting and tying cardboard boxes, stocking deliveries into the refrigerator, and bringing up items from the refrigerator to the kitchen (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants have employed and accounted for Plaintiffs Lopez and Sontay as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants have paid these Plaintiffs at the lowered tip-credited rate.

12.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because these Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants have employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs Lopez and Sontay at the minimum wage rate and has enabled them to pay them at the lowered tip-credited rate.

14.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*.

and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a vegan restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

20.     Plaintiff Efrain Tarax Tarax ("Plaintiff Tarax" or "Mr. Tarax") is an adult individual residing in Bronx County, New York.

21.     Plaintiff Tarax was employed by Defendants at Blossom on Columbus from approximately February 2016 until on or about April 2017.

22.     Plaintiff Getulio Lopez Murillo ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Queens County, New York.

23.     Plaintiff Lopez has been employed by Defendants at Blossom on Columbus from approximately May 2009 until on or about May 2015 and from approximately September 2015 until the present date.

24.     Plaintiff Manuel Jesus Sontay Herrera ("Plaintiff Sontay" or "Mr. Sontay") is an adult individual residing in Bronx County, New York.

25.     Plaintiff Sontay has been employed by Defendants at Blossom on Columbus from approximately April 24, 2016 until the present date.

26.     Plaintiff Santos Tarax ("Plaintiff Tarax" or "Mr. Tarax") is an adult individual residing in Bronx County, New York.

27.     Plaintiff Tarax was employed by Defendants at Blossom on Columbus from approximately April 1, 2018 until on or about June 16, 2019.

*Defendants*

28.     At all relevant times, Defendants own, operate, or control a vegan restaurant, located at 507 Columbus Avenue, New York, New York 10024 under the name "Blossom on Columbus".

29.     Upon information and belief, Blossom West Inc. (d/b/a Blossom on Columbus) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 507 Columbus Avenue, New York, New York 10024.

30.     Defendant Ronen Seri is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ronen Seri is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ronen Seri

possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.    Defendant Ramiro Ramirez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ramiro Ramirez is sued individually in his capacity as a manager of Defendant Corporation. Defendant Ramiro Ramirez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.    Defendant Jesus Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jesus Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Jesus Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.    Defendant Chino Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Chino Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Chino Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

34.     Defendants operate a vegan restaurant located in the Upper West Side section of Manhattan in New York City.

35.     Individual Defendants, Ronen Seri, Ramiro Ramirez, Jesus Doe, and Chino Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

36.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

40.     Upon information and belief, Individual Defendant Ronen Seri operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

41.   At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

42.   In each year from 2013 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

44.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as delivery workers.

45.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Efrain Tarax Tarax*

46.     Plaintiff Tarax was employed by Defendants from approximately February 2016 until on or about April 2017.

47.     Defendants employed Plaintiff Tarax as a dishwasher.

48.     Plaintiff Tarax regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

49.     Plaintiff Tarax's work duties required neither discretion nor independent judgment.

50.     Throughout his employment with Defendants, Plaintiff Tarax regularly worked in excess of 40 hours per week.

51.     From approximately February 2016 until on or about April 2017, Plaintiff Tarax worked from approximately 8:00 a.m. until on or about 4:30 p.m., six days a week (typically 51 hours per week).

52.     Throughout his employment, Defendants paid Plaintiff Tarax his wages in cash.

53.     From approximately February 2016 until on or about April 2017, Defendants paid Plaintiff Tarax a fixed salary of $350 per week.

54.     Plaintiff Tarax's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

55.     For example, Defendants required Plaintiff Tarax to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

56.     Defendants never granted Plaintiff Tarax any breaks or meal periods of any kind.

57.     Plaintiff Tarax was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

58.     Defendants required Plaintiff Tarax to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

59.     On a number of occasions, Defendants required Plaintiff Tarax to sign a document, the contents of which he was not allowed to review in detail.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tarax regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Tarax an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Tarax, in English and in Spanish (Plaintiff Tarax's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Tarax to purchase "tools of the trade" with his own funds—including 1 bicycle, 1 helmet, 1 vest, and bicycle maintenance.

*Plaintiff Getulio Lopez Murillo*

64.     Plaintiff Lopez has been employed by Defendants from approximately May 2009 until on or about May 2015 and from approximately September 2015 until the present date.

65.     Defendants have ostensibly employed Plaintiff Lopez as a delivery worker.

66.     However, Plaintiff Lopez has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

67.     Although Plaintiff Lopez has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

68.     Plaintiff Lopez has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

69.     Plaintiff Lopez's work duties have required neither discretion nor independent judgment.

70.     Throughout his employment with Defendants, Plaintiff Lopez has regularly worked in excess of 40 hours per week.

71.     From approximately July 2013 until on or about May 2015, Plaintiff Lopez worked from approximately 4:00 p.m. until on or about 9:30 p.m., six days a week (typically 33 hours per week).

72.     From approximately September 2015 until on or about April 2019, Plaintiff Lopez worked from approximately 5:00 p.m. until on or about 12:30 a.m., six days a week (typically 45 hours per week).

73.     From approximately July 2013 until on or about May 2015 and from approximately September 2018 until on or about May 2018, Defendants paid Plaintiff Lopez his wages in cash.

74.     From approximately May 2018 until the present date, Defendants have paid Plaintiff Lopez his wages by personal check.

75.     From approximately July 2013 until on or about December 2014, Defendants paid Plaintiff Lopez a fixed weekly salary of $260 per week.

76.     From approximately January 2015 until on or about May 2015 and from approximately September 2015 until on or about December 2015, Defendants paid Plaintiff Lopez $9.50 per hour.

77.     From approximately January 2016 until the present date, Defendants paid Plaintiff Lopez $11.50 per hour.

78.     Plaintiff Lopez's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

79.     For example, Defendants have required Plaintiff Lopez to work an additional hour past his scheduled departure time six days a week, and have not paid him for the additional time he has worked.

80.     Plaintiff Lopez has never been notified by Defendants that his tips are being included as an offset for wages.

81.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Lopez's wages.

82.     Plaintiff Lopez has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

83.     Defendants have required Plaintiff Lopez to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

84.     In addition, in order to get paid, Plaintiff Lopez has been required to sign a document in which Defendants misrepresent the hours that he works per week.

85.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

86.     Defendants have never provided Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

87.     Defendants have never given any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

88.     Defendants have required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including an electric bicycle, one battery for the electric bicycle, one helmet, one vest, and bicycle maintenance.

*Plaintiff Manuel Jesus Sontay Herrera*

89.     Plaintiff Sontay has been employed by Defendants from approximately April 24, 2016 until on or about the present date.

90.     Defendants have ostensibly employed Plaintiff Sontay as a delivery worker.

91.     However, Plaintiff Sontay has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

92.     Although Plaintiff Sontay has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

93.     Plaintiff Sontay has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

94.     Plaintiff Sontay's work duties have required neither discretion nor independent judgment.

95.     Throughout his employment with Defendants, Plaintiff Sontay has regularly worked in excess of 40 hours per week.

96.     From approximately April 2016 until on or about February 2017, Plaintiff Sontay worked from approximately 8:00 a.m. until on or about 5:00 p.m., five days a week and from approximately 5:00 p.m. until on or about 12:00 a.m., one day a week (typically 47 hours per week).

97.     From approximately February 2017 until on or about February 2018, Plaintiff Sontay worked from approximately 5:00 p.m. until on or about 12:30 a.m., seven days a week (typically 52.5 hours per week).

98.     From approximately February 2018 until the present date, Plaintiff Sontay has worked from approximately 5:00 p.m. until on or about 8:00 a.m., three days a week and from approximately 5:00 p.m. until on or about 12:30 a.m., three days a week (typically 67.5 hours per week).

99.     From approximately April 2016 until on or about May 2018, Defendants paid Plaintiff Sontay his wages in cash.

100.    From approximately May 2018 until the present date, Defendants have paid Plaintiff Sontay his wages by personal check.

101.    From approximately April 2016 until on or about December 2017, Defendants paid Plaintiff Sontay a fixed salary of $440 per week.

102.    From approximately January 2018 until the present date, Defendants have paid Plaintiff Sontay a fixed salary of $760 per week.

103.    Plaintiff Sontay's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

104.    For example, Defendants have required Plaintiff Sontay to work an additional 30 minutes past his scheduled departure time everyday, and have not paid him for the additional time he has worked.

105.    Defendants have never granted Plaintiff Sontay any breaks or meal periods of any kind.

106.    Plaintiff Sontay has never been notified by Defendants that his tips are being included as an offset for wages.

107.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Sontay's wages.

108.    Plaintiff Sontay has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflect his actual hours worked.

109.    Defendants have required Plaintiff Sontay to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

110.    In addition, in order to get paid, Plaintiff Sontay has been required to sign a document in which Defendants misrepresent the hours that he works per week.

111.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Sontay regarding overtime and wages under the FLSA and NYLL.

112.    Defendants have never provided Plaintiff Sontay an accurate statement of wages, as required by NYLL 195(3).

113.    Defendants have never given any notice to Plaintiff Sontay, in English and in Spanish (Plaintiff Sontay's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

114.    Defendants have required Plaintiff Sontay to purchase "tools of the trade" with his own funds—including one bicycle, one helmet, one chain, and a lock.

*Plaintiff Santos Tarax*

115.    Plaintiff Santos was employed by Defendants from approximately April 1, 2018 until on or about June 16, 2019.

116.    Defendants employed Plaintiff Santos as a porter.

117.    Plaintiff Santos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

118.    Plaintiff Santos's work duties required neither discretion nor independent judgment.

119.    From approximately April 1, 2018 until on or about June 16, 2019, Plaintiff Santos worked from approximately 11:00 p.m. until on or about 7:00 a.m., two days a week, from approximately 11:30 p.m. until on or about 7:30 a.m., one day a week, and from approximately 12:00 a.m. until on or about 8:00 a.m., one day a week (typically 32 hours per week).

120.    For the month of April 2018, Defendants paid Plaintiff Santos his wages in cash.

121.    From approximately May 2018 until on or about June 16, 2019, Defendants paid Plaintiff Santos his wages by personal check.

122.    From approximately April 2018 until on or about September 2018, Defendants paid Plaintiff Santos a fixed salary of $370 per week.

123.    From approximately October 2018 until on or about June 16, 2019, Defendants paid Plaintiff Santos a fixed salary of $400 per week.

124.     Plaintiff Santos's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

125.     For example, Defendants required Plaintiff Santos to start working one hour prior to his scheduled start time every day and to work an additional 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

126.     Defendants never granted Plaintiff Santos any breaks or meal periods of any kind.

127.     Plaintiff Santos was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

128.     Although Plaintiff Santos was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Santos was not compensated for all of the hours that he worked.

129.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santos regarding overtime and wages under the FLSA and NYLL.

130.     Defendants did not provide Plaintiff Santos an accurate statement of wages, as required by NYLL 195(3).

131.     Defendants did not give any notice to Plaintiff Santos, in English and in Spanish (Plaintiff Santos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

132.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours

a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

133.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

134.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

135.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

136.     Defendants have required Plaintiffs Lopez and Sontay and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

137.     These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

138.      These Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

139.     These Plaintiffs and all other tipped workers have been paid at the lowered tip-credited rate by Defendants.

140.     However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

141.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

142.     In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is lower than the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

143.     Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

144.     Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

145.     Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they received.

146.     Defendants' time keeping system has not reflected the actual hours that Plaintiffs have worked.

147.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

148.     On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

149.   Defendants have required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

150.   Defendants have paid Plaintiffs their wages in cash and then by personal check.

151.   Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

152.   Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

153.   Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

154.   Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

155.   Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

156.   Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

157.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

158.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

159.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

160.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

161.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

162.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

163.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

164.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

165.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

166.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

167.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

169.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

170.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

171.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

172.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

173.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

174.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

175.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

176.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

177.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

178.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

179.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

180.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

181.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

182.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

183.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

184.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

185.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

186.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

187.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

188.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

189.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

190.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

191.     Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform

their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a);

29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

192.    Plaintiffs have been damaged in an amount to be determined at trial.


## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

193.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

194.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL

§191.

195.    Defendants are liable to each Plaintiff in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against

Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of

notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in

this action;

(b)     Declaring that Defendants have violated the minimum wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)      Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)      Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 3, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 19, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Efrain Tarax Tarax

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                  *Efraín Tarax Tarax*

Date / Fecha:                       19 de Junio 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
————

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 19, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Getulio  Lopez Murillo

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      19 de junio 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 19, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Manuel Jesus Sontay Herrera

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     19 de junio 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 19, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                    Santos Tarax

Legal Representative / Abogado:

                                  Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:

                                  19 de Junio 2019

*Certified as a minority-owned business in the State of New York*