UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————x

**EFRAIN TARAX TARAX, GETULIO
LOPEZ MURILLO, MANUEL JESUS
SONTAY HERRERA and SANTOS TARAX,**
*individually and on behalf of others similarly
situated*,

               Plaintiffs,

        —against—

**BLOSSOM WEST INC. (D/B/A BLOSSOM
ON COLUMBUS), RONEN SERI, RAMIRO
RAMIREZ, JESUS DOE and CHINO DOE,**

              Defendants.

——————————————————————————x

                                                1:19-cv-06228-AJN

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT

LAW OFFICES OF
ANDREW P. SAULITIS P.C.
*Attorneys for Defendant Blossom West Inc.,
Ronen Seri and Ramiro Ramirez*
40 Wall Street-37th Floor
New York, New York 10005
(212) 459-0900
Email: apslaw@msn.com

## Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Plaintiffs Lack Visible Evidence to Sustain Their Burden of Proof at Trial . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Table of Authorities**

<u>**Cases**</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed.2d 202
(1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372 (E.D.N.Y. 2012) . . . . 3

*Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Canelas v. World Pizza, Inc.*, No. 14-cv-7748 (ER), 2017 U.S. Dist. LEXIS 50615
(S.D.N.Y. Mar. 31, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) . . . . . . . 2

*Christian Dior-New York, Inc. v. Koret, Inc.*, 792 F.2d 34 (2d Cir. 1986) . . . . . . . . . . . 2

*Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005) . . . . . . . . . . . . . . 3

*Esar v. JP Morgan Chase Bank N.A.*, No. 15-CV-382 (NGG) (PK), 2018 U.S. Dist.
LEXIS 75199 (E.D.N.Y. May 2, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fitch v. R.J. Reynolds Tobacco Co.*, 675 F.Supp. 133 (S.D.N.Y. 1987) . . . . . . . . . . . . 2-3

*Gallo v. Prudential Residential Servs.*, 22 F.3d 1219 (2d Cir. 1994) . . . . . . . . . . . . . . . . 2

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . 3

*Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 255 F. Supp. 3d 443 (S.D.N.Y.
2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Maxon Hyundai Mazda v. Carfax, Inc.*, 726 F. App'x 66 (2d Cir. 2018) . . . . . . . . . . . . 4

*New Sensor Corp. v. CE Distribution LLC*, 121 F. App'x 407 (2d Cir. 2004) . . . . . . . . 4

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 L. Ed. 2d 105, 120 S. Ct.
2097 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Tyson Foods, Inc. v. Bouaphakeo*, ___ U.S. ___, 136 S. Ct. 1036, 194 L. Ed. 2d 124
(2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>Statutes and Rules</u>**

Fed. R. Civ. P. 26 (a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 26 (e)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fed. R. Civ. P. 56  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

N.Y. Lab. Law. § 196-a(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Plaintiffs are four former employees of a vegan restaurant called Blossom on Columbus, which is operated by defendant Blossom West Inc. Through the morass of a 195-paragraph complaint, it is alleged vaguely that plaintiffs "have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked." Compl. ¶ 6 (Saulitis Decl. Ex. A). Beyond that, nothing in the Complaint, nor anything in discovery identifies when they actually worked any supposedly uncompensated hours or what they did during those hours. They have barely prosecuted this case and in discovery, they have failed and refused to provide any version of detail, being incapable of doing so, *i.e.*, having no evidence with which to do so. *See* Saulitis Decl. ¶¶ 9-18 & Exs. F, G, H & I.

What plaintiffs cannot contest is that on every payday, they signed for their hours and received the pay for which they signed, for years. *See* Seri Decl. ¶¶ 2, 8, 9 & Ex. A. Now, out of the blue, they would claim that indeterminate extra work hours were neither recorded nor compensated. They have yet to present any evidence, let alone "concrete particulars," that their claims are anything but fanciful, conceived in a lawyer's office.

Plaintiffs pursued no evidence through discovery, and did next to nothing to comply with discovery requests. Apparently it is their view and that of their attorneys that they can walk into a trial courtroom one day and tell a jury off the top of their heads, for the first time, that they worked a lot of hours in addition to what signed for and for which they were fully paid, for years. It is now time for plaintiffs to bear an evidentiary burden, which, we submit, they will not be able to sustain, foretold by their failure to sustain it in discovery.

-1-

*See* Saulitis Decl. ¶¶ 9-18 & Exs. F, G, H & I.

We recognize that the FLSA rarely lends itself to summary judgment. But this case is remarkable in how little plaintiffs have brought to bear to support their claims, such that summary judgment is warranted.

<u>Plaintiffs Lack Visible Evidence to Sustain Their Burden of Proof at Trial</u>

Defendants move pursuant to Fed. R. Civ. P. 56, the standards for which are well known. In seeking summary judgment, the initial "burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir. 1994). Where plaintiffs as the non-moving party would bear the burden of proof at trial, as here, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). If, as has been done here, the movant "demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citation omitted) (quoting *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2554, 91 L.Ed.2d at 275); *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 255 F. Supp. 3d 443, 451 (S.D.N.Y. 2015); *Esar v. JP Morgan Chase Bank N.A.*, No. 15-CV-382 (NGG) (PK), 2018 U.S. Dist. LEXIS 75199, *17 (E.D.N.Y. May 2, 2018).

Furthermore, the nonmoving plaintiffs "must present concrete particulars and

cannot succeed with purely conclusory allegations," *Fitch v. R.J. Reynolds Tobacco Co.*, 675 F.Supp. 133, 136 (S.D.N.Y. 1987) (internal quotations omitted), which plaintiffs' discovery responses (or lack of responses) foretell. While it remains to be seen, "[f]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986) (citations omitted). Each of the plaintiffs must thus proffer an evidentiary basis on which to believe that his "version of relevant events is not fanciful." *Christian Dior-New York, Inc. v. Koret, Inc.*, 792 F.2d 34, 38 (2d Cir. 1986) (internal quotations omitted).

An employee-plaintiff under the FLSA bears the burden of proving that he or she performed work for which he or she was not properly compensated. *Tyson Foods, Inc. v. Bouaphakeo*, ___ U.S. ___, ___, 136 S. Ct. 1036, 1047, 194 L. Ed. 2d 124, 135-36 (2016). To establish liability for unpaid overtime under the FLSA, an employee must prove that he "performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). A similar standard applies to unpaid compensation claims under the New York Labor Law. *See Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 380 (E.D.N.Y. 2012); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 327, 332 & n.3 (S.D.N.Y. 2005); *Canelas v. World Pizza, Inc.*, No. 14-cv-7748 (ER), 2017 U.S. Dist. LEXIS 50615, *23 (S.D.N.Y. Mar. 31, 2017); N.Y. Lab. Law. § 196-a(a).

"Thus, precedent instructs that '[a] defendant need not prove a negative when it

-3-

moves for summary judgment on an issue that the plaintiff must prove at trial,' but, rather, can satisfy its burden by 'point[ing] to an absence of proof on plaintiff's part.'" *Maxon Hyundai Mazda v. Carfax, Inc.*, 726 F. App'x 66, 68 (2d Cir. 2018) (quoting *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001)). "[A]t that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial,'" *New Sensor Corp. v. CE Distribution LLC*, 121 F. App'x 407, 409 (2d Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. at 324) and "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" to survive summary judgment. *Brown v. Eli Lilly & Co.*, 654 F.3d at 358. Such evidence must be sufficient "to allow a reasonable jury to find in plaintiff's favor." *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000).

Here, defendants have demonstrated the absence of a genuine issue of material fact, to wit, that plaintiffs were paid for all hours for which they worked and signed for, and they did not work any uncompensated or under-compensated hours. *See* Seri Decl. ¶¶ 2-11. And based on discovery (*see* Saulitis Decl. ¶¶ 9-18 & Exs. F, G, H & I), we submit that plaintiffs do not have evidence, at least none that they have yet identified or presented, to establish that any of them performed work for which they were not properly compensated, nor that their employer had actual or constructive knowledge of that work, much less the amount and extent of any such work, beyond conjecture. They have not provided any such evidence in discovery, though sought, and have not identified it in mandatory disclosure under Fed. R. Civ. P. 26 (a) and (e). *See* Saulitis Decl. & Exs. E-I. And for years, plaintiffs

signed for their hours and their pay without a word of objection. *See* Seri Decl. ¶¶ 2, 8, 9 & Ex. A. At least two of the plaintiffs (Efrain and Santos Tarax) have brought FLSA claims before, with the same attorneys (*see* Saulitis Decl. ¶ 2 & n.2) and would well know the importance of being able to demonstrate the actual hours worked to support claims for additional compensation. Yet neither they, nor their counsel, said a word, ever. *See* Seri Decl. ¶ 10. It appears that plaintiffs with the acquiescence of their attorneys have pulled would-be uncompensated hours out of thin air, to create an impermissible if not impossible burden on defendants to prove a negative.

It remains to be seen how whether and how plaintiffs seek to present "concrete particulars" to overcome summary judgment here, particularly given their failure to do so in discovery, which is a harbinger of their inability to do so on this motion.

Conclusion

We submit that plaintiffs lack evidence to sustain a claim under the Fair Labor Standards Act or the New York Labor Law against any of the defendants, and to the extent they do not have such evidence, the Court should grant summary judgment pursuant to Fed. R. Civ. P. 56 in favor of defendant and against plaintiffs, dismissing the complaint in all respects, with costs including reasonable attorneys' fees.

Dated:   July 6, 2020

Respectfully submitted,

Andrew P. Saulitis

-5-

LAW OFFICES OF
ANDREW P. SAULITIS P.C.
*Attorneys for Defendants Blossom West Inc.,*
*Ronen Seri and Ramiro Ramirez*
40 Wall Street-37th Floor
New York, New York 10005
(212) 459-0900
Email: apslaw@msn.com

-6-