Andrew P. Saulitis
LAW OFFICES OF
ANDREW P. SAULITIS P.C.
*Attorneys for Defendants Blossom West Inc.,*
  *Ronen Seri and Ramiro Ramirez*
40 Wall Street-37th Floor
New York, New York 10005
(212) 459-0900
apslaw@msn.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

**EFRAIN TARAX TARAX, GETULIO
LOPEZ MURILLO, MANUEL JESUS
SONTAY HERRERA and SANTOS TARAX,**
*individually and on behalf of others similarly situated*,

               Plaintiffs,

    —against—

**BLOSSOM WEST INC. (D/B/A BLOSSOM
ON COLUMBUS), RONEN SERI, RAMIRO
RAMIREZ, JESUS DOE and CHINO DOE,**

               Defendants.
————————————————————————x

1:19-cv-06228-AJN

## DECLARATION OF ANDREW P. SAULITIS

    This declaration is made pursuant to 28 U.S.C. § 1746 and S.D.N.Y. Local Civil Rule 1.9(a) by Andrew P. Saulitis, as follows.

    1.    I am the principal of the Law Offices of Andrew P. Saulitis P.C., attorneys for defendants Blossom West Inc. (D/B/A Blossom on Columbus), Ronen Seri and Ramiro Ramirez.[1] This declaration is in support of their motion for summary judgment. The

---

[1] Plaintiffs have also sued two anonymous defendants, "Jesus Doe" and "Chino Doe," though they have taken no steps to identify or serve such defendants or otherwise to proceed against them.

motion is a "no evidence" challenge, *i.e.*, plaintiffs do not have sufficient evidence of, and have not even identified, the amount and extent of *any uncompensated work* they allegedly performed, against defendants' evidence of plaintiffs' signed attendance records, pay/hour records that they signed for and time and tip summaries.

2.     Missing is evidence that any of the plaintiffs performed work for which they were was not properly compensated, or that their employer had actual or constructive knowledge of that work. Also missing is any evidence that defendants intentionally or knowingly underpaid plaintiffs, ever.

Procedural Antecedents

3.     This action was commenced July 3, 2019. A copy of the complaint (ECF No. 1) is annexed as Exhibit A, containing a jury demand. Plaintiffs, dishwashers, delivery persons and porters at a vegan restaurant, claim, vaguely, that they "have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked." Compl. ¶ 6 (Ex. A). The Complaint does not specify when or during what extra hours any of the four plaintiffs allegedly worked without pay, nor does the *ad damnum* indicate what amounts of damages are sought, stating only "damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable."[2] Ex. A.

---

[2]The Complaint follows a "cookie cutter" template used by plaintiffs' attorneys in over a thousand cases filed in this District, including previously by two of the same plaintiffs, *Efrain Tarax v. El Paso Taqueria Corp. et al.*, No. 1:18-cv-06694-LGS (S.D.N.Y. filed July 25, 2018)

-2-

4.      Defendants filed their Answer on November 13, 2019 (ECF No. 27) (Exhibit B), denying the material allegations of the Complaint. The Complaint has not been amended.[3]

5.      An initial case management conference with the Court was held November 25, 2019 (ECF Nov. 25, 2019), resulting in a Case Management Plan and Scheduling Order filed November 26, 2019 (ECF No. 29) (Exhibit C), which set forth a discovery schedule, a fact discovery cut-off date of February 25, 2020 and an expert discovery cut-

---

(available on ECF); *Gerardo Tepox Gutierrez (A/K/A Alex Tepox) et al. v. 300 West 46th St. Corp. (D/B/A Brasserie Athenee) et al.*, No. 1:18-cv-04239-ER (S.D.N.Y. filed May 11, 2018) (available on ECF), in which they allege that they worked at other places during some of the same time periods they allege that they worked at Blossom on Columbus. *Compare* complaint in *Tarax v. El Paso* ¶ 21 (alleging that "Plaintiff [Efrain] Tarax was employed by Defendants at El Paso Taqueria, El Paso Deli Restaurant and Nocciola Pizzeria e Trattoria from approximately August 2016 until on or about September 7, 2017") *with* the Complaint here ¶ 46 (alleging that "Plaintiff [Efrain] Tarax was employed by Defendants from approximately February 2016 until on or about April 2017"); *compare* complaint in *Gutierrez v. 300 West* ¶ 25 (alleging that "Plaintiff [Santos] Tarax has been employed by Defendants at Brasserie Athenee from approximately August 2016 until the present date [May 11, 2018]") *with* the Complaint here ¶ 27 (alleging that "Plaintiff [Santos] Tarax was employed by Defendants at Blossom on Columbus from approximately April 1, 2018 until on or about June 16, 2019").

[3]At the telephonic post-discovery status conference held May 22, 2020, plaintiffs sought leave, and we consented, to their filing an amended complaint. On May 24, 2020, plaintiffs purported to file an "Amended Complaint" (ECF Doc. 49), which filing was rejected ("DEFICIENT PLEADING - FRCP RULE 15 NON-COMPLIANCE"), following which, on May 26, 2020, with the following docket entry/notice made: "Notice to Attorney Michael Antonio Faillace re: Document No. 49 Amended Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF. The party text for the parties has been modified on the Amended Complaint caption. If leaving the parties in their individual capacity only, 'individually' must be entered on the pleading caption after the names; Court's leave has not been granted. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents... File the Exhibit to Pleading event found under the event list Other Documents and attach either opposing party's written consent or Court's leave." Plaintiffs have not corrected the filing (which continued to denominate this as a "COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)"), nor have they sought leave to do so out of time.

off date of April 10, 2020.

6.      On December 19, 2019 defendants served their Initial Disclosures pursuant to Fed. R. Civ. P. 26 (a) (1) and the Item 6 of the Civil Case Management Plan (ECF Doc. No. 28), identifying witnesses and documents (Exhibit D), which they have supplemented with a (voluntary) document production.

7.      On their part, plaintiffs did not serve "Initial Disclosures" until February 10, 2020, two months late and just two weeks before the fact discovery cut-off date) (Exhibit E) though most of the "witnesses" "who may have knowledge of the dates and hours the Plaintiffs worked, Defendants' pay practices and the work responsibilities of the Plaintiffs" were "John Does" "currently unknown" other than a pair of cooks named "Gabriel" and "Gabino" and a dishwasher named "Sergio Giovanny Tarax" (apparently a relative of plaintiffs Tarax). No documents were identified other than two "time sheets," a photo of one of the plaintiffs and a copy of a paycheck. Ex. E.

8.      While required to do so by Fed. R. Civ. P. 26 (a) (1) (A) (iii), plaintiffs' belated "Initial Disclosures" did not present a computation of each category of damages claimed by the each plaintiff nor any documents or other evidentiary material to support any computation. Instead they attached an incomprehensible pro forma chart "based upon [unidentified] preliminary information and the expected testimony of Plaintiffs," which they never supplemented nor for which they ever provided documentary support, nor which they substantiated in response to Interrogatories and Document Requests seeking such substantiation (see below).

9.     Needless to say plaintiffs' "Initial Disclosures" (Ex. E) were essentially useless. Plaintiffs have not supplemented them pursuant to Fed. R. Civ. P. 26 (e), and should not be allowed to use any undisclosed information, witnesses or documents to supply evidence on this motion (or at trial). *See* Fed. R. Civ. P. 37 (c)(1).

The Extent of Discovery

10.     On their part, plaintiffs did not timely serve any discovery requests, and forfeited discovery.[4] They did not depose, or seek to depose, any of the people at Blossom on Columbus who they claimed had information regarding their work schedules or any other matter. Despite the this, defendants have (voluntarily) provided a substantial document production, comprising 157 pages of signed "Attendance Reports," signed-for records of hours, weekly payment amounts and tips, and compilation summaries of Total Paid, Cash Tips, Check Amounts, Check Dates, Check Numbers, Regular Hours, Overtime Hours, and Pay Per Hour, for plaintiffs Getulio Lopez Murillo, Manuel Jesus Sontay Herrera and Santos Tarax. (There were no such records for plaintiff Efrain Tarax, who only worked for two weeks in 2015, *see* Seri Decl. ¶¶ 3, 8).

11.     Defendants timely served Interrogatories (Exhibit F) and Document Requests (Exhibit G) on December 5, 2019, responses to which were due January 4, 2020,[5] to which plaintiffs did not respond until May 20, 2020 (Exhibits H and I), though

---

[4]Plaintiffs purported to serve boilerplate interrogatories and document requests that extended beyond the (extended) deadline for completion of discovery and did not seek relief from this, with discovery remaining closed.

[5]Plaintiffs were granted a reprieve until March 25, 2020 to complete discovery by endorsed order of Magistrate Judge Katharine H. Parker (ECF No. 41).

they produced no documents and their responses were the equivalent of no responses at all.

12. In their Responses to Interrogatories (Ex. H), despite taking nearly six months to respond, plaintiffs remained vague and refused to set forth (or even estimate) what days and hours they would claim to have worked beyond which they were paid or the computation of any damages claimed. In other words, plaintiffs have not disclosed sufficient evidence to support a claim for any uncompensated time or overtime, which evidence has been sought, to no avail. See Exs. F, G. (Apparently plaintiffs have been let to believe that they can just show up one day at a trial, take the stand and tell a jury for the first time that they worked all kinds of hours over and above the hours for which they signed for and were paid, without complaint, for years.)

13. In terms of specifics, Interrogatories 3 (as to Tarax Tarax), 6 (as to Murillo), 9 (as to Herrera), and 12 (as to Santos Tarax) required each of them to "[s]et forth the computation of each component of plaintiff's claimed damages and identify the evidence concerning same."[6] Ex. G.

14. In their five-months-late Responses, plaintiffs' attorneys gave the same response, verbatim, neither sworn nor even signed by any of the plaintiffs,[7] providing no

---

[6] These Interrogatories were in strict accordance with Local Civil Rule 33.3(a), which provides that "at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and
the existence, custodian, location and general description of relevant documents."

[7] Unsworn interrogatory responses are the equivalent of no responses at all. *See Monclova*

computation of any claimed damages, and identifying no evidence, neither witnesses nor documents, merely inserting the following boilerplate:

> Plaintiff objects to this interrogatory to the extent it seeks documents or information protected by the attorney client or work product privileges. Plaintiff objects to this interrogatory as it calls for the creation of a document in response to an interrogatory, and requires Plaintiff to perform legal analysis and mathematical calculation to produce said document, and therefore is not properly the subject of an interrogatory, and beyond the obligations imposed by the FRCP or Local Rules.

Pls.' Resp. to Defs.' Interrogs. Nos. 3, 6, 9, 12 (Ex. H).[8]

---

*v. City of N.Y.*, 726 F. App'x 83, 84 (2d Cir. 2018) ("district court did not err in disregarding [unsworn interrogatories]") (citing *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (affirming district court's rejection of interrogatories that omitted 29 U.S.C. § 1746's requirements); *see also Shim-Larkin v. City of N.Y.*, No. 16-CV-6099 (AJN)(KNF), 2018 U.S. Dist. LEXIS 108443, *40 (S.D.N.Y. June 28, 2018) ("an unsworn writing that is not verified by the defendant—does not satisfy Rule 33(b)(1)(A) and (3)'s requirements that an interrogatory answer be provided, under oath, by the party to whom it is directed. As noted above, Fed. R. Civ. P. 37(a)(4) advises that an incomplete answer to an interrogatory must be treated as a failure to answer the interrogatory.").

[8] Untimely "objections" are waived and such boilerplate "objections" are paradigmatically abusive:

> "The grounds for objecting to any interrogatory must be stated with specificity. Any ground not stated in a *timely* objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, 01-cv-7888 (SAS)(DF), 2003 U.S. Dist. LEXIS 19084, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

*Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 (GBD) (SN), 2020 U.S. Dist. LEXIS 26566, *5 (S.D.N.Y. Feb. 14, 2020) (emphasis added); *see, e.g., Eldaghar v. City of N.Y.*

15.     Interrogatories 1 (as to Tarax Tarax), 4 (as to Murillo), 7 (as to Herrera), 10 (as to Santos Tarax) specifically sought identification of each "plaintiff's evidence . . . concerning the *actual days and hours worked* at Blossom on Columbus." Ex. F.

16.     In their belated and unsworn Responses (Ex. H), plaintiffs generally identified one another as the "witnesses" and mostly-unidentified "coworkers" to their "work schedules" but identified *no one* as to the "actual days and hours worked": "[Tarax Tarax] identifies coworkers, including co-Plaintiffs and "El Chino" as witnesses with respect to *his work schedule*" (Pls.' Resp. to Defs.' Interrog. 1); "[Murillo] identifies coworkers co-Plaintiff Manuel Jesus Sontay Herrera, coPlaintiff Santos Tarax, co-Plaintiff Getulio Lopez Murillo, and Hugo as potential witnesses with respect to *his work schedule*" (Pls.' Resp. to Defs.' Interrog. 4); "[Herrera] identifies co-Plaintiff Getulio Lopez Murillo as a witness with respect to *his work schedule*" (Pls.' Resp. to Defs.' Interrog. 7); "[Santos Tarax] identifies several coworkers as witnesses concerning *his work schedule*, including sous chef Jesus, co-worker Santos, co-worker chef Gabino, and coworker Jonathan, who is the nephew of an owner" (Pls.' Resp. to Defs.' Interrog. 10) (emphasis added as to all) (Ex. H).

17.     Plaintiffs' Responses were gratuitous. The Interrogatories did not ask about "work *schedules*," but rather disclosure of "the *actual* days and hours worked at Blossom on Columbus," to which plaintiffs bear the burden of proof, which the Responses do not

---

*Dep't of Citywide Admin. Servs.*, 2003 U.S. Dist. LEXIS 19247, *2 (S.D.N.Y. Oct. 20, 2003) ("[i]f a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests").

address at all. The answer, *sub silentio*, is either "none" or "We have no idea."

18.  Likewise, plaintiffs were requested to produce documents concerning "the actual days and hours [they] worked"; concerning their "daily whereabouts and activities during the period for which [they] claim[] [they were] underpaid"; and concerning "the actual days and hours [they] worked." Ex. G. They produced nothing even remotely responsive, even though their claims encompass multiple years. *See* Ex. I.

19.  Plaintiffs were also requested to produce the "evidence relied upon by plaintiffs' attorneys in their pre-filing inquiry as to the facts and claims asserted in this action." Defs.' Doc. Req. No. 16 (Ex. G). Plaintiffs asserted "privilege" objections, see Pls.' Resp. to Defs.' Doc. Req. No. 16 (Ex. I) ("Plaintiffs object to this request to the extent that it sees production of documents protected by the attorney client privilege, work product doctrine, or other privilege or legal doctrine of protection from disclosure") but provided no privilege logs, and otherwise "refer[red] Defendants to the responsive documents produced in conjunction with Plaintiffs' Initial Disclosures" (Ex. I), which were four pages of meaningless documents. It is apparent that the Complaint is made up of "hours" worked that plaintiffs and their attorneys pulled from thin air.

20.  As set forth in the accompanying declaration of Ronen Seri, plaintiffs were paid above minimum wages and for weeks and hours that they signed for in receiving their pay. It defies credulity that plaintiffs for years and years they would falsely sign for hours, collect their pay, and one day, file a lawsuit with basically no evidence, followed by virtually no pursuit of any evidence or prosecution in order to prove their claims,

while providing basically nothing in the discovery process. Plaintiffs should not be able to rely on evidence that they have not disclosed, particularly as to the extent of hours they claim were uncompensated.

21.    Defendants respectfully request that summary judgment be granted in their favor dismissing this action for insufficient evidence of any uncompensated time that plaintiffs actually worked; insufficient evidence of damages for any uncompensated time worked; insufficient evidence that Blossom on Columbus had actual or constructive knowledge of any such work; and insufficient evidence that defendants intentionally or knowingly underpaid plaintiffs, ever.

I declare under penalty of perjury that the foregoing is true and correct and that the exhibits are true copies.

Executed on July 6, 2020, New York, New York

_____
Andrew P. Saulitis

          LAW OFFICES OF
          ANDREW P. SAULITIS P.C.
          *Attorneys for Defendants Blossom West Inc.,*
          *Ronen Seri and Ramiro Ramirez*
          40 Wall Street-37th Floor
          New York, New York 10005
          (212) 459-0900
          Email: apslaw@msn.com

VIA ECF TO:

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
Email: Faillace@employmentcompliance.com