UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/21

Efrain Tarax Tarax, *et al.*,

        Plaintiffs,

–v–

Blossom West Inc., *et al.*,

        Defendants.

19-cv-6228 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiffs initiated this lawsuit in July 2019, alleging that Defendants were in violation of federal and state labor laws. Presently before the Court is Defendants' motion for summary judgment on the federal claims.[1] Dkt. No. 50. For the reasons that follow, the motion is DENIED.

**I.    Background**

    The following facts are drawn from the parties' statements made pursuant to Local Civil Rule 56.1 and are undisputed unless otherwise noted.

    Plaintiffs are four current or former employees of Blossom of Columbus, a vegan restaurant operated by Defendant Blossom West Inc. Dkt. No. 62 ("Pl. 56.1 Resp.") ¶¶ 1, 3. At the restaurant, Plaintiffs worked variously as night porters, deliverymen, dishwashers, and "helpers." *Id.* ¶ 3. Defendant Ronen Seri is a principal of Blossom West Inc. *Id.* ¶ 2. The

---

[1] Although Defendants' motion for summary judgment mentions some of the state law claims, the motion does not appear to move for summary judgment on those claims. In any event, even if Defendants intended to move for summary judgment on the state law claims, the Court would deny the motion because there are genuine issues of material fact.

1

parties dispute what Defendant Ramiro Ramirez's role was at the restaurant; while all sides agree that Ramirez was employed as a manager at the restaurant throughout this period, three of the Plaintiffs contend that Ramirez had an ownership role in the restaurant—or at least that he represented himself as having an ownership role. *Id.* ¶ 25.

Many of the central facts in this case are in dispute. For instance, the parties disagree as to whether Plaintiffs were paid minimum wage, *id.* ¶¶ 4, 19; the frequency with which Plaintiffs worked overtime and whether they were fully paid when they did, *id.* ¶ 5; whether Plaintiffs signed for or acknowledged their hours and pay, *id.* ¶¶ 6, 13; the accuracy of the records kept by the restaurant, *id.* ¶¶ 14–16; and whether Plaintiffs ever voiced any complaints to the restaurant and its managers regarding their compensation, *id.* ¶ 7; *see also id.* ¶ 17 (in which the parties disagree whether management was receptive to employees' concerns regarding their compensation). While the parties agree that all Plaintiffs worked at the restaurant at some point, they disagree about the dates of employment and the number of hours that each Plaintiff worked per week. *See id.* ¶¶ 8–12.

Plaintiffs initiated this lawsuit on July 3, 2019. Dkt. No. 1. On May 24, 2020, Plaintiffs amended their complaint. Dkt. No. 49. They allege that Defendants violated the minimum wage and overtime provisions of the FLSA, and they also bring a number of claims under state law. *See* Dkt. No. 49 ¶¶ 155–190. They seek compensatory and liquidated damages, a declaratory judgment with respect to the statutory violations they allege, and attorneys' costs and fees, among other things. *See* Dkt. No. 49, Prayer for Relief, at 26–27.

On July 6, 2020, Defendants moved for summary judgment. Dkt. No. 50. The motion is fully briefed. Dkt. Nos. 56, 63.

**II.     Legal Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal quotation marks and alterations omitted). If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" and summary judgment should be granted to the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).

The movant bears the initial burden of presenting evidence on each material element of its claim or defense and demonstrate that he is entitled to relief as a matter of law. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). But when the burden of proof at trial would fall on the non-moving party, the moving party may meet its burden by "point[ing] to a lack of evidence . . . on an essential element" of the non-moving party's claim. *Simsbury-Avon Preservation Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). There is a genuine issue of material fact if a reasonable jury could decide in the non-moving party's favor. *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). The Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted).

To survive a summary judgment motion, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v.*

*Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). In doing so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal quotation marks and citation omitted).

### III.   Discussion

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87 (1946)).

Defendants base their motion for summary judgment on their contention that no genuine issue of material fact exists because the evidence in the record does not support Plaintiffs' claims that they worked uncompensated hours or that Defendants had actual or constructive knowledge that Plaintiffs worked uncompensated overtime hours. *See* Dkt. No. 52 ("Def. Br.") at 3–5; Dkt. No. 63 ("Reply") at 1–6. The Court disagrees, and it concludes that genuine issues of material fact preclude summary judgment.

#### A.  Uncompensated hours

To prevail at trial on their unpaid minimum wages or unpaid overtime compensation claims, Plaintiffs will have the burden of proving "that [they] performed work for which they were not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). This is not an especially taxing burden. If the employer's records are proper and accurate, an employee may discharge that burden "by securing the production of those records." *Id.* at 687. If, on the other hand, the employer's records are "inaccurate or inadequate and the

4

employee cannot offer convincing substitutes," and employee may discharge that burden by proving that "he has in fact performed work for which he was improperly compensated" and by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687.  In that event, the burden shifts to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Kuebel*, 643 F.3d at 362.  A similar standard applies for overtime claims under New York law.  *See Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 380 (E.D.N.Y. 2012).

Whether Plaintiffs worked uncompensated or under-compensated hours is disputed. Defendants have submitted payroll records that they contend are accurate and rebut Plaintiffs' claims of having performed uncompensated work.  *See* Def. Br. at 4–5; Dkt. No. 54, Seri Decl., ¶¶ 8–9 & Ex. A.  According to the Defendants, "plaintiffs were paid for all hours for which they worked and signed for, and they did not work any uncompensated or under-compensated hours." Def. Br. at 4.  As evidence, they point to the Plaintiffs' payroll records, which—according to the Defendants—were signed by the Plaintiffs without objection.  *Id.* at 4–5.  And the payroll records submitted into evidence indeed bear Plaintiffs' signatures.  *See* Dkt. No. 54, Seri Decl., ¶¶ 8–9 & Ex. A.  In their sworn declarations, however, all of the Plaintiffs insist that the payroll records are inaccurate; specifically, they claim that for years, they were told to sign blank pieces of paper that, at the time they signed them, did not have any calculations as to the hours they had worked.  *See* Pl.'s 56.1 Resp. ¶¶ 13–14; *see also* Lopez Decl. ¶¶ 12–13; E .Tarax Decl. ¶¶ 9–10; Sontay Decl. ¶¶ 11–12; S. Tarax Decl. ¶¶ 11–12.

That testimony is sufficient to raise a genuine issue of material fact.  Of course, the existence of the payroll records "may detract" from the credibility of the testimony, but "it does

5

not entitle" Defendants "to judgment as a matter of law in light of [Plaintiffs'] testimony that [they were] instructed by [management]" to sign blank pieces of paper rather than a document that accurately reflected the hours that they had worked. *Kuebel*, 643 F.3d at 365. *See also Aponte v. Mod. Furniture Mfg. Co., LLC*, No. 14-CV-4813 (ADS) (AKT), 2016 WL 5372799, at *13 (E.D.N.Y. Sept. 26, 2016) ("[T]he Plaintiffs have offered credible testimony that [Defendants'] time records are not accurate because the Defendants had a practice of not recording overtime hours. . . . [T]he fact that the time sheets do not show that the Plaintiffs worked overtime only serves to highlight what the Court finds to be a classic question of fact for the jury decide."). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). And because Plaintiffs have presented testimonial evidence indicating that their signature in the records did not reflect an acknowledgment of the hours they worked—which, combined with their testimony regarding the hours they worked, would render the records "inaccurate"—they are entitled, at this juncture, to "the benefit of *Anderson*'s 'just and reasonable inference' standard." *Kuebel*, 643 F.3d at 363.

      The "just and reasonable" standard does not impose a high burden. *Kuebel*, 643 F.3d 362. Plaintiffs concede that they lack any documentary evidence to support their claims, but in their declarations they each provide estimates of the hours and the amount they were paid per week. *See* Dkt. No. 58, Lopez Murillo Decl., ¶¶ 6–10; Dkt. No. 59, E. Tarax Tarax Decl., ¶¶ 7–8; Dkt. No. 60, Sontay Herrera Decl., ¶¶ 6–10; Dkt. No. 61, S. Tarax Decl., ¶¶ 5–9. Such testimonial evidence provides a basis from which a reasonable jury could conclude that they have met their burden under the "just and reasonable" standard to pass the burden onto the Defendants under the *Anderson* test. The estimate of the hours they worked may not ultimately

6

be precise, but the *Anderson* test is not especially onerous.  Furthermore, the estimates conform to the Second Circuit's observation "that it is possible for a plaintiff to meet this burden through estimates based on his own recollection." *Kuebel*, 643 F.3d at 362.  As above, Defendants' disputes with the accuracy of that testimony ultimately go to the persuasiveness of the evidence and the credibility of the Plaintiffs, which the Court may not consider when applying the summary judgment standard.  *See Hayes v. N.Y. City Dep't of Corr.,* 84 F.3d 614, 619 (2d Cir. 1996).

Defendants also argue that the Court should disregard Plaintiffs' sworn declarations pursuant to *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005), in which the Second Circuit recognized an exception to the well-established rule that a Court should not assess the credibility of witnesses' testimony when applying the summary judgment standard.  *Jeffreys*, 426 F.3d at 554; *see also* Reply at 2–3.  The Second Circuit has made clear, however, that this is a "narrow exception" that applies exclusively in "extraordinary case[s]" where the testimony is so incredible that it would be "impossible" for a reasonable jury to find in the non-moving party's favor.  *Frost v. New York City Police Dep't*, 980 F.3d 231, 245 (2d Cir. 2020) (citing *Jeffreys*, 426 F.3d at 554).  Plaintiffs' testimony does not rise to such a high standard.  Unlike the testimony in *Jeffreys*, Plaintiffs' declarations are not inherently contradictory.  *Jeffreys*, 426 F.3d at 555 n.2; *see also Frost*, 980 F.3d at 246.  That the testimony is not corroborated by other evidence, *see* Reply at 3, is insufficient to satisfy the *Jeffreys* standard.  And whatever deficiencies may exist in Plaintiffs' testimony "are not serious enough to render the declaration incredible as a matter of law." *Frost*, 980 F.3d at 246.

For the reasons stated above, the Court concludes that genuine issues of material fact preclude Defendants' entitlement to summary judgment regarding whether Plaintiffs performed work for which they were not properly compensated.

### B.  Actual or constructive knowledge

At trial, Plaintiffs will also have to establish that Defendants "had actual or constructive knowledge that [the Plaintiffs were] performing uncompensated work."  *Kuebel*, 643 F.3d at 365; *see also Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008); *Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 524 (2d Cir. 1998).  Defendants contend that they are entitled to summary judgment on this point because none of the evidence establishes that Defendants had the requisite knowledge.  *See* Reply at 4–6.

In *Kuebel*, the Second Circuit held that the plaintiff-appellant had "raised a genuine issue of material fact" as to his employer's knowledge that he was working off the clock on the basis of his testimony.  *Kuebel*, 643 F.3d at 365.  Kuebel's testimony included assertions that he had complained to his supervisor that he was working more hours than he was recording.  *Id.*  While the Second Circuit acknowledged that other facts in the record may undermine his claims at trial, it concluded that that testimony, standing alone, was sufficient to raise a genuine issue of material fact as to the employer's knowledge.  *Id.*

The same is true here.  Plaintiff Santos Tarax's testimony includes a number of assertions that create a genuine issue of material fact. Specifically, Santos Tarax asserts that "[n]ot infrequently, [he] was asked to continue working until after 8:00 A.M., notwithstanding the fact that my scheduled work shift had ended by then."  Dkt. No. 61, S. Tarax Decl., ¶ 6.  That he was asked to work past his scheduled work shift would have put Defendants on actual or constructive notice that he was working overtime and that he needed to be compensated for those hours.  *See*

8

*Kuebel*, 643 F.3d at 365 (noting that Kuebel's testimony that he "specifically complained to his supervisor, Davolt, that he was working more than forty hours per week but recording only forty" was sufficient to raise a genuine issue of material fact).  Defendants dispute the credibility of Santos Tarax's testimony, but at this juncture, the Court must credit that testimony as creating a genuine issue of material fact that Defendants knew, or should have known, that he was working overtime.  In addition, Santos Tarax claims that "about once a month, [he] complained to Jesus (last name unknown), a supervisory employee at the restaurant . . ., about shortfall in the payment of my wages."  Dkt. No. 61, S. Tarax Decl., ¶ 15.  To be sure, that he is unable to identify with specificity who Jesus is may undermine the credibility of his testimony, and the testimony does not allege that he raised his concerns directly with the owner of the restaurant.  At this juncture, however, his testimony that he raised his concerns with someone in a supervisory capacity also creates a triable issue of material fact that Defendants had actual or constructive notice that he was working some number of uncompensated hours.  *Cf. Torrenegra v. Grameen Am., Inc.*, No. 15-CV-3153 (RER), 2017 WL 1401291, at *5 (E.D.N.Y. Apr. 19, 2017) (denying summary judgment in part because "Plaintiff testified that he complained about his hours to management.").

      Along similar lines, Plaintiff Getulio Lopez Murillo testified that on approximately three separate occasions, he complained to Defendant Ramiro Ramirez about a shortfall in his wages and that Ramirez dismissed his complaints.  Dkt. No. 58, Lopez Murillo Decl., ¶ 17.  Three of the Plaintiffs contend that Ramirez represented to them that he had some kind of ownership role.  Pl.'s 56.1 Resp. ¶ 25.  But, in any event, it is undisputed that Ramirez was employed as a manager at the restaurant at all relevant times.  *Id.* ¶ 25.  At a minimum, Lopez Murillo's allegations that he complained to Ramirez, the manager, about wage shortfalls creates a genuine

9

issue of material fact as to whether Defendants were put on notice about hours being uncompensated. And while the weight of that testimony may be in dispute at trial, at a minimum it raises a genuine issue of material fact.

Plaintiffs further contend that a genuine issue of material fact exists as to Defendants' notice on the basis of their testimony that Defendants had them sign blank pieces of paper before receiving their wages. *See* Dkt. No. 56 ("Pl. Opp. Br.") at 2, 4; *see also* Dkt. No. 58, Lopez Murillo Decl., ¶¶ 12–13; Dkt. No. 59, E. Tarax Tarax Decl., ¶¶ 9–10; Dkt. No. 60, Sontay Herrera Decl., ¶¶ 11–13; Dkt. No. 61, S. Tarax Decl., ¶ 11. They argue that this testimony "suggests" that Defendants "were intent upon concealing the extent of Plaintiffs' work, or at least willfully blinding themselves to such information." Pl. Opp. Br. at 4. The Court agrees that this testimony, if credited, allows an inference from which a reasonable jury could conclude that this practice was designed to conceal the actual hours worked. And a reasonable jury could rely upon such an inference in concluding that the Defendants had actual or constructive knowledge that Plaintiffs were being undercompensated for their work.

For all of these reasons, genuine issues of material fact as to whether Defendants had actual or constructive knowledge preclude summary judgment.

### IV.    Conclusion

For the reasons stated above, Defendants' motion for summary judgment is DENIED. This resolves Dkt. No. 50.

A conference is hereby scheduled for April 28, 2021 at 3:00 p.m. By April 21, 2021, the parties are ORDERED to meet and confer and submit a joint letter proposing approximate trial dates and a schedule for the submission of the pre-trial materials identified in Rule 6 of the

Court's Individual Practices in Civil Cases. The parties shall also indicate if they seek a referral to the Mediation Program or to the Magistrate Judge for settlement discussions.

SO ORDERED.

Dated: March 31, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge