UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

EFRAIN TARAX TARAX, GETULIO LOPEZ
MURILLO, and SANTOS TARAX,

    Plaintiffs,

    -v-

BLOSSOM WEST INC. (D/B/A BLOSSOM
ON COLUMBUS), and RAMIRO RAMIREZ,

    Defendants.

------------------------------------

19-cv-6228 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

    Familiarity with the background to this case is here assumed. As relevant here, on April 6, 2022, the Court entered a directed verdict holding that defendants Blossom West, Inc. and Ramiro Ramirez were liable to plaintiffs Efrain Tarax Tarax, Getulio Lopez Murillo, and Santos Tarax for failing to provide them with the required wage notices and statements, in violation of the Fair Labor Standards Act ("FLSA") and the New York State Labor Laws ("NYLL"), and awarding $30,000.00 to plaintiffs on these claims. See ECF No. 93.

    Subsequently, on April 8, 2022, the jury returned a verdict finding defendants liable for compensatory and liquidated damages totaling $48,012.00 for plaintiffs' remaining NYLL claims. Id. The jury further found that Mr. Ramirez acted in good faith in connection with events underlying certain claims and thus is not liable for liquidated damages. Accordingly, the Court entered a

1

preliminary judgment in favor of plaintiffs against defendants jointly and severally in the amount of $54,006.00 and against defendant Blossom West, Inc. individually in the amount of $24,006.00. Id.

Now before the Court is plaintiffs' motion for attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1-a), 663(1), and for prejudgment interest, pursuant to NYLL § 198(1-a). For the reasons set forth below, the Court grants plaintiffs' motion with modifications and awards $44,535.00 in attorneys' fees and costs and $11,663.30 in prejudgment interest.

I. **Attorneys' Fees and Costs**

The NYLL provides an award of reasonable attorneys' fees to successful plaintiffs. See NYLL §§ 198(1-a), 663(1). Plaintiffs are represented by CSM Legal, P.C., the successor firm of Michael Faillace & Associates, and the work was performed by attorneys Jarret T. Bodo, Jesse Barton, Catalina Sojo, Jordan Gottheim, and Michael Faillace. Plaintiffs seek an award of attorneys' fees in the amount of $56,715.00 and costs in the amount of $5,060.00.

"In assessing the amount of attorneys' fees to award, the presumptively reasonable fees are reached by multiplying the reasonable number of hours worked by the biller's reasonable hourly rates, resulting in the so-called 'lodestar.'" de Jesus Rosario v. Mis Hijos Deli Corp., 2020 WL 2614761, at *1 (S.D.N.Y. May 22, 2020) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v.

2

County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)).[1] District courts have "considerable discretion in determining what constitutes a reasonable award of attorneys' fees" and may determine that it is appropriate to adjust the fee upward or downward. Filo Promotions, Inc. v. Bathtub Gins, Inc., 311 F. Supp. 3d 645, 650 (S.D.N.Y. 2018).

In determining the hourly rate used to calculate the lodestar, the Court considers "what a reasonable paying client would be willing to pay." Arbor Hill, 522 F.3d at 184. The lodestar method also looks to "the prevailing market rates in the relevant community." Perdue v. Kenny A., 559 U.S. 542, 551 (2010). "Courts in this district have determined that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases." Campos Marin v. J&B 693 Corp., 2022 WL 377974, at *11 (S.D.N.Y. Jan. 21, 2022), report and recommendation adopted, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022). Lower hourly rates have generally been found appropriate for less-experienced litigators. See, e.g., Singh v. Meadow Hill Mobile Inc., 2021 WL 3862665, at *16 (S.D.N.Y. Aug. 29, 2021).

Jesse Barton is a senior associate at CSM Legal, P.C., who graduated from Fordham Law School in 2012 and has been practicing

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

wage-and-hour law for approximately 10 years. ECF No. 95 ¶ 5. Plaintiffs assert that he is entitled to a rate of $375 per hour. The proposed rate of $375 per hour is higher than the rate typically approved for senior associates in wage-and-hour cases. See, e.g., Campos Marin, 2022 WL 377974, at *12 (approving rate of $300 per hour for associate who had been practicing law since 2013); Hernandez v. JRPAC Inc., 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017) ("As to senior attorneys or associates, the case law has approved rates of $300 an hour for those with eight or more years' experience."); Lazo v. Kim's Nails at York Ave., Inc., 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (reducing the hourly rate for Mr. Barton and another associate to $275 per hour). Accordingly, taking into consideration Mr. Barton's experience and the quality of his advocacy in the present case, the Court reduces the hourly rate for Mr. Barton to $300 per hour.

Jarret Bodo is an associate at CSM Legal, P.C., who graduated from Maurice A. Deane School of Law at Hofstra University in 2020 and has been practicing law for approximately two years. Id. ¶ 4. The proposed hourly rate for Mr. Bodo is $350. As courts in this district have held, a rate that high is excessive for an associate with such limited experience in wage-and-hour cases. See, e.g., Singh, 2021 WL 3862665, at *16 (recognizing that rates for associates in wage-and-hour cases in excess of $225 per hour are reserved for litigators with more than three years' experience);

4

Espinoza v. Broadway Pizza & Rest. Corp., 2021 WL 7903991, at *12 (S.D.N.Y. Nov. 18, 2021), report and recommendation adopted, 2022 WL 977068 (S.D.N.Y. Mar. 31, 2022) ("In this district, a rate of $300 per hour is usually appropriate for senior associates with at least eight years of experience."). Instead, courts in this district have held that $150 to $200 is appropriate for wage-and-hour litigators with fewer than three years of experience. See Singh, 2021 WL 3862665, at *16. The Court determines that a rate on the higher end of that range is reasonable given the additional demands of going to trial. Therefore, the Court reduces the hourly rate for Mr. Bodo to $200.

Plaintiffs also assert an hourly rate of $350 for both Catalina Sojo, a managing member at CSM Legal, P.C., and Jordan Gottheim, a former associate at Michael Faillace & Associates. Ms. Sojo and Mr. Gottheim have been practicing law for approximately five years and six years, respectively. See id ¶¶ 6-7. Given their level of experience, another court in this district recently awarded them each a rate of $225 per hour. See, e.g., Espinoza, 2021 WL 7903991, at *13. The Court here similarly finds that this is the appropriate rate and reduces their respective fees accordingly.

Finally, plaintiffs assert an hourly rate of $450 for Michael Faillace, formerly the managing member of Michael Faillace & Associates, P.C. See ECF No. 95 ¶ 8. In support of this rate,

5

plaintiffs' motion cites Mr. Faillace's qualifications and experience; but what it fails to expressly disclose is that "he has been suspended from practice for two years by the Grievance Committee of the Southern District of New York on November 9, 2021, as a result of repeatedly taking fees from settlements in excess of the amounts awarded to him by court order (effectively stealing from his clients' recoveries); refusing to follow client directions as to the amounts they wanted to settle the case; and of misrepresenting facts relating to these practices to the Southern District Committee." Garcia Lazaro v. Best Fish Mkt. Corp., 2022 WL 280768, at *2 (E.D.N.Y. Jan. 31, 2022). As another court addressing the issue of attorneys' fees for Mr. Faillace recently noted, "[f]ew reasonable, paying clients are going to retain an attorney who is going to be suspended for, among other things, stealing settlements from clients." Id. at *3. It follows that the "reasonable value of his services that a fully informed client would pay is likely zero and certainly not $450 per hour." Id. Accordingly, the Court finds that no fee award is appropriate for the time billed by Mr. Faillace in this case.

Plaintiff also asserts an hourly rate of $125 for a paralegal, Jasmine Hernandez. ECF No. 95 ¶ 9. This is a rate consistent with what has been awarded in this district. See Tepale v. 245 Gourmet Food Inc., 2022 WL 1186574, at *3 (S.D.N.Y. Apr. 21, 2022) (finding that a rate of $125 per hour for a paralegal was

6

reasonable). Accordingly, the Court finds that no reduction of the asserted $125 per hour rate is warranted.

Plaintiffs assert that Mr. Barton billed 64.4 hours, Mr. Bodo billed 52.9 hours, Ms. Sojo billed 14.6 hours, Mr. Gottheim billed .9 hours, Ms. Hernandez billed 48.7 hours, and Mr. Faillace billed 4.8 hours (although, as already noted, the Court has reduced his hourly rate to $0). See ECF No. 95-1 at 1-7. Defendants raise myriad minor objections to the submitted time records of plaintiffs' counsel, largely arguing that they reflect redundancy. See ECF No. 97 ¶ 9 ("The fees for CSM Legal, P.C. involve considerable duplication (and triplication), with no explanation why this was necessary for a straightforward case."). However, the Court does not find that any of the supposed redundancy, such as the attendance of two attorneys and a paralegal at trial, was excessive. See Moon v. Gab Kwon, 2002 WL 31512816, at *5 (S.D.N.Y. Nov. 8, 2002) ("[I]t is common practice for law firms with paying clients to send more than one lawyer to trials and other court proceedings . . . .").[2] Accordingly, based on the hourly rate

---

[2] Defendants also argues that plaintiffs should not be awarded fees for any attorneys other than those associated with CSM Legal, P.C. Because defendants have not put forward any evidence calling into question plaintiffs' representation that CSM Legal, P.C. is the successor firm to Michael Faillace & Associates, P.C., and all the attorneys who billed time on this matter were associated with CSM Legal. P.C., or its predecessor firm, the Court does not address this argument.

7

adjustments described above and the time records provided by plaintiffs' counsel, the Court awards plaintiffs $39,475.00 as their reasonable attorneys' fees in this matter.

With respect to costs, "[t]he Second Circuit has consistently 'held that attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" TufAmerica Inc. v. Diamond, 2016 WL 1029553, at *7 (S.D.N.Y. Mar. 9, 2016) (quoting U.S. Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989)). As noted above, plaintiffs also seek an award of costs, in the amount of $5,060.00, incurred in connection with court filings, service of process, and Spanish language interpreters for trial witnesses. See ECF No. 95 at 7-10. Defendants raise no objections with respect to these costs and the amount of overall costs sought is reasonable. See, e.g., Rosario, 2020 WL 2614761, at *3 (approving costs associated with, inter alia, court filings, service and process, and interpreter).

Therefore, the Court awards plaintiffs the sum of $44,535.00 for attorneys' fees and costs, for which defendants are jointly and severally liable.

## II. Prejudgment Interest

"Prejudgment interest, under both federal and New York law, compensates a plaintiff for the defendant's interest-free use of the money owed to the plaintiff." Hernandez v. Jrpac Inc., 2016

WL 3248493, at *35 (S.D.N.Y. June 9, 2016). "It is well settled that in an action for violations of [FLSA] prejudgment interest may not be awarded in addition to liquidated damages," because of the view that "liquidated damages compensate for the delay in receiving wages that should have been paid." Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988). In contrast, "NYLL expressly provides for a plaintiff to receive both types of awards," that is, both liquidated damages and prejudgment interest." Hernandez, 2016 WL 3248493, at *35 (citing NYLL § 198(1-a)). However, "prejudgment interest is calculated only on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law" and not "on awards made for wage-statement or wage-notice violations." Cazares v. 2898 Bagel & Bakery Corp., 2022 WL 1410677, at *12 (S.D.N.Y. Apr. 7, 2022), report and recommendation adopted, 2022 WL 1406203 (S.D.N.Y. May 4, 2022).

"Pursuant to New York state law, a successful plaintiff may receive prejudgment interest at a rate of nine percent per year." Id. at *13 (citing N.Y. C.P.L.R. §§ 5001, 5004). Where, as here, the damages were incurred at various times, interest is typically computed from "the median date between each plaintiff's start date and end date for employment," Hernandez, 2016 WL 3248493, at *36, although the Court is afforded "wide discretion determining a reasonable date from which to award prejudgment interest," Alvarez

9

v. 215 N. Ave. Corp., 2015 WL 3855285, at *3 (S.D.N.Y. June 19, 2015) (quoting Conway v. Icahn & Co., 16 F.3d 504. 512 (2d Cir. 1994)). Here, the Court computes prejudgment interest from the following approximate median dates: September 1, 2016 for Efrain Tarax Tarax (based on a February 2016 start date and April 2017 end date); November 1, 2018 for Santos Tarax (based on an April 2018 start date and June 2019 end date); and August 1, 2016 for Getulio Lopez Murillo (based on a mid-2013 start date and September 2019 end date).[3]

The jury awarded a total of $15,600 in unpaid wages to Efrain Tarax Tarax, $2,496 in unpaid wages to Santos Tarax, and $5,910 in unpaid wages to Getulio Lopez Murillo. Accordingly, the prejudgment interest, calculated at a rate of 9% per annum from the above-stated medium dates to the Court's issuance of the preliminary judgment on April 8, 2022, is $7,866.25 for Efrain Tarax Tarax's claims, $771.78 for Santos Tarax's claims, and $3,025.27 for Getulio Lopez Murillo's claims. Defendants are jointly and severally liable for these sums, totaling $11,663.30.

## Conclusion

For the foregoing reasons, the Court awards plaintiffs the sum of $44,535.00 for attorneys' fees and costs and a sum of

---

[3] Because defendants failed to keep accurate records of plaintiffs' employment, the approximate dates are based on plaintiffs' testimony at trial as credited by the jury.

10

$11,663.30 in prejudgment interest, as delineated above, for which defendants are jointly and severally liable. The parties are instructed to submit by no later than June 16, 2022 a proposed final judgment reflecting the respective awards set out in both this order and the Court's preliminary judgment dated April 8, 2022.

The Clerk of the Court is directed to close document number 94 on the docket of this case.

SO ORDERED.

Dated: New York, New York

June 13, 2022

Jed. S. Rakoff, U.S.D.J.